### IN THE UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF ARKANSAS
### HOT SPRINGS DIVISION

AMERICAN HOME MORTGAGE CORP.                    PLAINTIFF

v.                      Civil No. 06-6073

BROWN APPRAISAL SERVICES, INC.;
JANET BROWN, an individual;
INVESTMENT MANAGEMENT SERVICES;
RICHARD GRAY, an individual;
BHS ENTERPRISE; CLARENCE THOMPSON,
an individual; RUSHING REALTY & AUCTION
SERVICE, INC., a/k/a ERA RUSHING REALTY;
PARADISE BAY CONDOS, LLC; HMI PROPERTY
COMPANY LIMITED PARTNERS; VIBRA
CONSTRUCTION, LLC, a/k/a ELITE
CRETE MIDSOUTH                                  DEFENDANTS

### MEMORANDUM OPINION & ORDER

This case was filed on December 6, 2006, by Plaintiff seeking money damages from the Defendants.  Currently before the Court are several filings by the parties, to include:

**(1)** Motion to Dismiss by Separate Defendants Paradise Bay Condos, LLC; HMI Property Company Limited Partners; and Vibra Construction, LLC, a/k/a Elite Crete Midsouth (Doc. 12), and the Brief in Support (Doc. 13);

**(2)** Motion to Dismiss for Lack of Jurisdiction by Separate Defendant Vibra Construction, LLC (Doc. 14), and the Brief in Support (Doc. 15);

**(3)** Response in Opposition to First Motion to Dismiss (Doc. 12) and Motion to Dismiss (Doc. 14) filed by Plaintiff (Doc. 19);

**(4)** Reply to Response by Separate Defendant Vibra (Doc.

22);

**(5)** Amended Motion to Dismiss by Separate Defendants Investment Management Services and Richard Gray (Doc. 30), and Brief in Support (Doc. 31);

**(6)** Amended Motion to Dismiss by Separate Defendants BHS Enterprise and Clarence Thompson (Doc. 32), and Brief in Support (Doc. 33); and

**(7)** Response and Brief in Opposition to Motions to Dismiss (Docs. 30 & 32) filed by Plaintiff (Doc. 35).

The motions to dismiss are based on allegations of lack of subject matter jurisdiction, failure to plead fraud with specificity, failure to attach required exhibits, failure to join a party, and failure to comply with *Federal Rules of Civil Procedure* (F.R.C.P.) 17.

For the reasons set out herein, the Court finds Defendants' motions should be and are **DENIED**.

## I.  Motion to Dismiss Standard

In ruling on a motion to dismiss, the district court must accept the allegations contained in the complaint as true, and all reasonable inferences from the complaint must be drawn in favor of the non-moving party. *Hafley v. Lohman,* 90 F.3d 264, 266 (8th Cir. 1996).  Complaints should be liberally construed in the plaintiff's favor and should not be dismissed for failure to state a claim "unless it appears

beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Rucci v. City of Pacific,* 327 F.3d 651, 652 (8th Cir. 2003) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)).

## II. Factual Summary and Discussion

In 2006, Separate Defendant BHS Enterprise ("BHS") posted an online advertisement for the sale of Paradise Bay Condominiums in Hot Springs, Arkansas.  The advertisement promised "620 FICO gets you no out of pocket and 25K cash back."  The properties were owned by Separate Defendant Paradise Bay Condos, LLC (who owned Unit D-1) and Separate Defendant Vibra Construction, LLC (who owned Unit E-1). Separate Defendant Rushing Realty & Auction Service, Inc. ("Realtor") listed the original purchase prices of the properties on the Multiple Listing Service ("MLS").

Separate Defendants Clarence Thompson, on behalf of BHS, and Richard Gray, on behalf of Investment Management Services ("IMS") are collectively referred to herein as the "Investment Firms."  The Investment Firms recruited several potential buyers for the Paradise Bay condominiums.  The potential buyers included Setoa Teo, Phong Tien, Philip Smith, and Janet Wilson ("Borrowers").  The Borrowers agreed to purchase respective units at Paradise Bay in exchange for cash as promised in BHS's online advertisement.

3

On July 17, 2006, Setoa Teo applied for mortgage financing with Plaintiff to purchase Unit D-1 of Paradise Bay. On July 18, 2006, Phong Tien applied for mortgage financing with Plaintiff to purchase Unit D-2 of Paradise Bay. Phong Tien stated on his loan application that his monthly income was $25,000, but on his 2005 tax return, his annual wages were listed as $40,534. On July 18, 2006, Philip Smith applied for mortgage financing with Plaintiff to purchase Unit E-1 of Paradise Bay. Philip Smith stated on his loan application that his monthly income was $25,000, but on his 2005 joint tax return his annual wages were listed as $26,621 and total income as $42,931. On July 18, 2006, Janet Wilson applied for mortgage financing with Plaintiff to purchase Unit E-4 of Paradise Bay. Janet Wilson stated on her loan application that her monthly income was $17,990, but on her 2005 tax return her annual wages were listed as $86,835.

The Borrowers completed loan applications and submitted them to the Investment Firms. In connection with the loan applications, Separate Defendant Janet Brown ("Brown") and Brown Appraisal ("the Appraisers") issued appraisals for each of the individual Units. Plaintiff argues, that by the time the Unit Appraisals were prepared, the MLS listing for each of the Properties was changed to reflect an artificially

4

inflated value by approximately $100,000 per Unit. Brown prepared and signed each Unit Appraisal for Plaintiff.

The appraisal of Unit D-1 estimated the market value at $560,000, a figure Plaintiff alleges to be overstated. Plaintiff contends the more accurate value was approximately $435,000, or about 22% less than the value assigned by the Appraisers. The appraisal of Unit D-2 estimated the market value at $545,000, a figure Plaintiff alleges to be overstated. Plaintiff contends the more accurate value was approximately $435,000, or about 22% less the value assigned by the Appraisers. The appraisal of Unit E-1 estimated the market value at $560,000, and Plaintiff alleges the same as with Unit D-1. The appraisal of Unit E-4 estimated the market value at $475,000, a figure Plaintiff alleges to be overstated of the actual market value of E-4. Plaintiff contends the more accurate value was approximately $339,000, or about 28% less than the value assigned by the Appraisers.

Plaintiff alleges the Appraisers completed the Unit Appraisals and submitted them to the Realtor and Investment Firms, and the Investment Firms submitted the Borrowers' completed loan applications and Unit Appraisals to Plaintiff. On July 18, 2006, Setoa Teo executed the purchase contract for Unit D-1. The general addendum stated that $100,840 would be paid to IMS as a seller concession, and Plaintiff

argues this concession was used by Defendants to artificially inflate the sales price of Unit D-1 over and above the fair market value of the Unit.  On July 17, 2006, Plaintiff made two loans in the amount of $412,500 and $125,000, respectively, to Setoa Teo, both secured by mortgages on Unit D-1.

On July 25, 2006, Phong Tien executed the purchase contract for Unit D-2.  The general addendum stated that $95,840 would be paid to IMS as a seller concession, and Plaintiff argues this concession was used to inflate the sales price.  On July 24, 2006, Philip Smith executed the purchase contract for Unit E-1, and the general addendum stated that $95,840 would be paid to IMS as a seller concession.  Plaintiff argues this concession was used in the same manner as above by Vibra, the Realtor, and the Investment Firms to inflate the sales price.  On July 18, 2006, Plaintiff made two loans in the amounts of $381,500 and $163,500, respectively, to Philip Smith, both secured by mortgages on Unit E-1.

On August 3, 2006, Janet Wilson executed the purchase contract for Unit E-4, and the general addendum stated that $110,000 would be paid to IMS as a seller concession, and Plaintiff argues the same result as above.  On August 3, 2006, Plaintiff made two loans in the amounts of $321,300 and

6

$137,700, respectively, to Janet Wilson, both secured by mortgages on Unit E-4.

Plaintiff contends the Appraisers, Sellers, and Realtors knew or should have known Plaintiff would rely upon the Unit Appraisals in connection with its evaluation of the mortgage loan applications. Plaintiff alleges the Appraisers intentionally misrepresented the fair market value of the Properties, concealed the original list price for the Properties, obtained unearned appraisal fees after the Borrowers had completed their purchases of the Properties, and facilitated the activities of the Investment Firms and the other Defendants in obtaining loan proceeds in excess of the true values of the Properties. Plaintiff also argues the Investment Firms knew or should have known the loan applications contained material misrepresentations, and that Plaintiff would rely on the applications. Plaintiff alleges it did rely on the representations of Defendants.

Plaintiff alleges negligence against Separate Defendants Appraisers and Brown, fraud as to all Defendants, conspiracy to defraud as to all Defendants, and tortious interference as to all Defendants. Defendants filed various motions to dismiss Plaintiff's Complaint and those arguments are set out in this opinion.

7

A. Failure to state a claim.

Defendants have filed, in several motions, motions to dismiss for failure to state a claim upon which relief may be granted under *Federal Rules of Civil Procedure* ("F.R.C.P.") § 12(b)(6).  The Court finds, for reasons discussed below, Plaintiff made its prima facie case for each count alleged in the Complaint.

**1. Failure to join parties.**

Defendants contend Plaintiff failed to join the Borrowers as necessary defendants to this action under F.R.C.P. 19(a).   It is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit. *Temple v. Synthes*, 498 U.S. 5, 7 (1990).  The Committee Notes to Rule 19(a) state that "a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability." *Id*.  The Court concludes Rule 19(a) does not require Plaintiff to join the Borrowers in its Complaint.

**2. Failure to plead with specificity.**

Defendants contend Plaintiff failed to sufficiently plead its claims for tortious interference, conspiracy to defraud, and fraud.

Plaintiff properly set out its prima facie case for a fraud cause of action in its Complaint.   In order to

8

establish a claim for fraud, a party must allege the defendants knowingly and falsely represented a material fact with the intent to induce action or inaction in reliance upon the representation and that in relying on that representation, the party suffered damages as a result. *Joplin v. Joplin*, 88 Ark. App. 190, 196 S.W. 3d 496, 497 (2004). F.R.C.P. § 9(b) requires "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." A plaintiff has sufficiently plead fraud when the complaint "specifically allege[s] the circumstances constituting fraud, such as the time, place and contents of the false representations, as well as the identity of what was obtained or given up thereby." *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 920 (8th Cir. 2001).

Plaintiff identified each Separate Defendant's role and actions as related to the fraud allegation. The Complaint provided several pages of information relating to conduct of Defendants, and set out specific provisions to address the alleged wrong of the particular Defendants. The Court finds Plaintiff has sufficiently plead its fraud claim under the requirements of F.R.C.P. § 9(b).

Plaintiff alleged civil conspiracy against Defendants. To establish a prima facie case, five elements must be shown:

(1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action to be taken; (4) the commission of one or more unlawful overt acts; and (5) damages as the proximate result of the conspiracy. *Lane v. Chowning*, 610 F.2d 1385, 1390 (8th Cir. 1979)(citing *Mason v. Funderburk*, 247 Ark. 521 (1969)). While conspiracy "may be shown by direct evidence of an actual agreement or understanding between conspirators, it may also be shown by circumstantial evidence." *Mason*, 247 Ark. At 529.

Defendants contends the Complaint fails to establish any direct or indirect relationship and that none could be supported relating all of the Defendants.  The pleading requirements of Rule 9(b) have been met if not directly, then indirectly, through the recitals of information within paragraphs 75-85 of Plaintiff's Complaint.

Defendants argue in the alternative that Plaintiff alleged criminal conduct, thus requiring "even greater specificity," and Defendants cite an Eighth Circuit Court of Appeals decision to support this position.  *Flowers v. Continental Grain Co.*, 775 F.2d 1051 (8th Cir. 1985).  The case cited by Defendants centered around the federal Racketeer Influence and Corrupt Organizations (RICO) statute, 18 U.S.C. §§ 1961 - 1968, which requires certain criminal

10

acts be committed.  Accordingly the Court finds this argument to be without merit.

Defendants, specifically Separate Defendant Vibra, argue Plaintiff failed to sufficiently set forth a claim for tortious interference because the Complaint did not allege a contractual relationship or business expectancy with a third party.  The Court finds this argument without to be without merit as the Complaint details the contractual relationships and wrongful conduct which allegedly caused the breaches.

Defendants contend Plaintiff failed to attach certain documents to its Complaint, but the Court has considered a 12(b)(6) motion and not one for summary judgment.  Only the facts alleged in the complaint are considered in ruling on a motion to dismiss, and the court is "under no obligation to resolve the issues in the complaint through materials outside the pleadings."  *Pennington Seed, Inc. v. Produce Exchange No. 299*, 457 F.3d 1334, 1342 n.4 (Fed. Cir. 2006)(citing *Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909 (8th Cir. 2002).  The Plaintiff was not required to attach any additional documents for its Complaint to properly maintain a prima facie case for its causes of action.

11

B. Lack of Subject Matter Jurisdiction.

Finally, Defendants contend this Court does not have subject matter jurisdiction and move for dismissal under F.R.C.P. 12(b)(1) and 28 U.S.C. § 1332. Defendants argue a lack of complete diversity between Plaintiff and all Defendants because Plaintiff is allegedly a citizen of Texas, as are Separate Defendants IMS, Gray, BHS, and Thompson. In its Complaint, Plaintiff provided that it is "[A] New York domestic business corporation with its principal place of business at 520 Broadhollow Road, Melville, New York." (Doc. 1, ¶ 4). Defendants bring to this Court a mere allegation "upon information and belief," coupled with a reference to Plaintiff's website, to support their position that Plaintiff's true principal place of business is Texas. Construing the evidence in favor of Plaintiff, the Court finds, for the limited purposes of this order, Plaintiff's principal place of business is New York, and Plaintiff is not a citizen of Texas. Therefore, complete diversity of citizenship exists and 28 U.S.C. § 1332 is satisfied.

C. Misnomer Principle.

Separate Defendants BHS and IMS move to dismiss Plaintiff's Complaint alleging the correct parties were not named in the Complaint. Where a plaintiff has sued a corporation but misnamed it, F.R.C.P. § 15(c) allows the

plaintiff to amend its complaint under the misnomer principle. *Roberts v. Michaels*, 219 F.3d 775, 777-78 (8th Cir. 2000).

Separate Defendant Clarence Thompson was served as an agent for BHS Enterprise, and BHS claims this was improper because Clarence Thompson was the registered agent for BHS Thompson Enterprises, Ltd.  Separate Defendant Richard Gray was served on behalf of IMS, and IMS claims this was improper as IMS is not a corporation, partnership, or other legal entity.  The Court grants Plaintiff leave to amend its complaint to correct any defects in the naming of these corporations.

## III. Conclusion

Based on the aforementioned, the Court finds the motions to dismiss should be and are hereby **DENIED.**

IT IS SO ORDERED this 7th day of March, 2007.

*/s/ Robert T. Dawson*
HONORABLE ROBERT T. DAWSON
UNITED STATES DISTRICT JUDGE

13